**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

                                             **Plaintiff,**

v.                                                     **1:18-CV-542**

**PAUL R. INMAN,**

                                             **Defendant.**
_____

**Thomas J. McAvoy, Senior District Judge.**

## DECISION & ORDER

The Plaintiff moves for default judgment in this action concerning an unpaid student-loan obligation. The United States filed this action on May 4, 2018, alleging that Defendant Paul R. Inman signed a promissory note related to a student loan, that the Plaintiff had demanded payment, and that Defendant had failed to meet his obligation. See dkt. # 1.

Defendant was served with the Complaint, but did not file an answer. See dkt. # 4. On June 21, 2018, Plaintiff filed a request for entry of default with the Court. See dkt. # 8. The Clerk's office entered default on June 22, 2018. See dkt. # 10. On July 19, 2018, the United States filed the instant motion for default judgment.

Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation." Flaks v.

1

Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado Int'l Group Merch. Servcs. v. Ninna, Inc., 655 F.Supp.2d 177, 190 (E.D.N.Y. 2009) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)). Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Fustok, 122 F.R.D. at 156.

While the Complaint contains some calculation of the amount Defendant owes, the instant motion for default judgment does not. The United States simply asks the Court to enter default judgment without proposing any specific amount or providing any documentation as to the amount of judgment the Court should enter. Without such information, the Court must deny the motion.

The Court will GRANT the motion with respect to liability and DENY the motion with leave to renew with respect to damages. The United States shall submit a renewed motion with proper documentation of the amount allegedly owed within 14 days of the date of this Order. Failure to file proper documentation may cause the Court to conclude that the United States has abandoned its attempts to collect damages on the Defendant's default.

**IT IS SO ORDERED**.

Dated: October 5, 2018

Thomas J. McAvoy
Senior, U.S. District Judge