**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

                                                  **Plaintiff,**

    v.                                                       1:18-CV-542

**PAUL R. INMAN,**

                                                  **Defendant.**
_____

**Thomas J. McAvoy, Senior District Judge.**

## DECISION & ORDER

The Plaintiff moves for default judgment in this action concerning an unpaid student-loan obligation. The United States filed this action on May 4, 2018, alleging that Defendant Paul R. Inman signed a promissory note related to a student loan, that the Plaintiff had demanded payment, and that Defendant had failed to meet his obligation. See dkt. # 1.

Defendant was served with the Complaint, but did not file an answer. See dkt. # 4. On June 21, 2018, Plaintiff filed a request for entry of default with the Court. See dkt. # 8. The Clerk's Office entered default on June 22, 2018. See dkt. # 10. On July 19, 2018, the United States filed a motion for default judgment. See dkt. # 11. The Court granted that motion as to liability but denied the motion as to damages. See dkt. # 15. The Court directed Plaintiff to re-file the motion with evidence supporting a sum certain for damages. Id. Plaintiff has now filed such a motion, supported by evidence demonstrating the amount of Defendant's liability and the calculations used to assess that liability. See dkt. # 16.

1

Plaintiff's motion for default judgment asserts that Defendant's unpaid obligation amounts to $20,591.00 in unpaid principal, $6,087.90 in accrued interest through May 3, 2018, and interest from the date of judgment at 4.875% per year. See dkt. # 16. Plaintiff also seeks $25 in costs pursuant to 28 U.S.C. § 1921.

Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado Int'l Group Merch. Servcs. v. Ninna, Inc., 655 F.Supp.2d 177, 190 (E.D.N.Y. 2009) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)). Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Fustok, 122 F.R.D. at 156.

The record in this case, which includes the original loan contract as an exhibit to the Complaint and affidavits from the Plaintiff's attorney, provides sufficient evidence by which the Court can calculate the amount of damages to which the United States is entitled. Therefore, based on the evidence supplied by the Plaintiff, the Court will **GRANT** the motion for default judgment, dkt. #16. Accordingly, judgment is hereby granted against Defendant Paul R. Inman in the following amounts:

| | | | |
|---|---|---|---:|
| 1. | Principal Balance | $ | 20,591.00 |
| | Total Interest Accrued | $ | 6,087.89 |

   Total          $   26,678.89; and

2.   Interest to be calculated at 4.875% per annum from the date of judgment.

3.   Plaintiff is also entitled to costs pursuant to 28 U.S.C. § 1921 for service and travel of $ 25.00.

**IT IS SO ORDERED**.

Dated: December 13, 2018

_____
Thomas J. McAvoy
Senior, U.S. District Judge